STATE *ex rel.* ELIZABETH CLAPP *v.* W. D. REYNOLDS, Adm'r *cum test.*
*annexo* of J. A. MEBANE and another.

In an action, assigning certain breaches of the official bond of a Clerk and
Master, it is competent for the defendant, under a general denial of the com-
plaint, to offer in evidence any circumstance tending to prove that the acts
complained of were not a breach of the bond as alleged.

Where the allegation was, that the Clerk and Master did not invest a certain
fund, and pay the relator the annual interest, evidence that the fund was
deposited in a Savings Bank in the presence, and to the credit of the relator,
who afterwards received the annual interest from the Bank, is admissible,
under a general denial of the complaint, to prove that the condition of the
bond was not broken.

CIVIL ACTION, tried before *Tourgee, J.,* at the Fall Term,
1871, of GUILFORD Superior Court.

The action is brought on the official bond of J. A. Mebane,
former Clerk and Master of Guilford county, against his ad-
ministrator with the will annexed, and against the admin-
istrator, &c., of one of his sureties.

It is alleged in the complaint, that, in a suit brought by
the present relator, as plaintiff, against Henry Clapp and
others, in the Court of Equity of Guilford county, certain
sums of money, amounting to $460.50, by a decree of said
Court in the cause, was ordered to be paid into the office of
the Clerk and Master, to be by him lent out on bond and
good security, and the interest annually collected and paid
over to the plaintiff, the present relator. The money was
paid into the office as decreed. In the decree, it was further
ordered, that so soon as the estate of the father of the plain-
tiff, the relator here, who was a married woman, then suing
for alimony, was settled up, by the deceased father's admin-
istrators, they should pay into the office of the said Clerk
and Master the distributive share of the estate coming to
the plaintiff and her husband, which was also to be loaned,
and the interest annually paid as above provided. Two re-
ceipts of the Clerk and Master, the testator of the defendant,

were read, showing that he had received the money as pro-vided in the decree.

The relator alleged the following breaches of the bond of the Clerk and Master:

1st. That the Clerk and Master did not loan out the money upon bond and good security, as directed in the decree:

2d. That he did not pay over the interest arising from the fund to the relator, as he was bound to do under the decree:

3d. That he did not safely keep said fund and preserve it for the use of the relator and her children, but converted the same to his own use, and spent and squandered it in his own business: (This allegation, the case states, was stricken out on the trial.) and

4th. That he has failed to pay over the same to the relator on demand.

The defendants, in their answer, denied the allegations contained in the complaint, in general terms, and upon this issue thus presented the trial was had.

On the trial, the receipt of the money by the Clerk and Master was not denied, nor the terms of the decree. It was claimed for the defendant, that his testator, the Clerk and Master, had deposited the money in the Savings Bank at Greensboro, in the presence of the relator, and with her con-sent, and also in her name. The Clerk and Master held the certificates of deposit, the relator receiving the interest an-nually on the $460, up to the time of his, the Clerk and Master's, death. The certificates of deposit, with the receipts of the relator for annual interest endorsed, was offered in evidence by the defendants, but was ruled out by the Court, for the reason, that under the answer, containing a general denial of the allegations in the complaint, such proof was inadmissible.

Verdict and judgment for the plaintiff. Appeal by de-fendants.

STATE *ex rel.* CLAPP *v.* REYNOLDS and another.

*Dillard, Gilmer & Smith,* for appellants.
*Gorrell,* contra.

READE, J.  The complaint alleges that money belonging to the plaintiff, came to the hands of the testator of the defendant as Clerk and Master, which he was ordered to lend out on bond and security, and pay her the interest annually ; and the alleged breaches of his official bond are :

1. That he did not lend out the money on bond and security; and 2, that he did not annually pay her the interest.  The defendant put in a general denial.

Upon the trial the defendant offered to prove that while he did not lend out the money on bond and security, yet he did, with the plaintiff's consent, deposit the money in a savings bank, which paid interest.  And that although he did not himself pay the plaintiff the interest, yet she did annually receive the interest of the said bank ; and therefore there was no breach of his bond.

His Honor refused to hear the proof, under the general denial in the answer ; upon the idea, as we suppose, that the defence ought to have been by confession and avoidance.

The gist of the matter was the alleged breach of the Clerk and Master's bond.  And the answer was a denial of the breaches alleged.  And when the plaintiff charged the defendant with breaking his bond, it was proper for him to deny that he had broken his bond; and under that denial to prove that the acts complained of were not a breach of the bond, because they had the sanction of the plaintiff.  And it was not necessary that the defendant should say, true, I did break my bond, but you cannot take advantage of it, because you sanctioned it.  The sanction of the plaintiff was not simply an excuse for the breach, but it prevented the acts complained of from being a breach at all.

There is error.

PER CURIAM.                                    *Venire de novo.*